IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JOHNNY STEELE,                )
                              )
        Petitioner,            )
                              )   1:12CV756
    v.                         )   1:11CR191-1
                              )
UNITED STATES OF AMERICA,     )
                              )
        Respondent.            )

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner Johnny Steele, a federal prisoner, has filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [1:11CR191-1, Doc. #22]. Petitioner was convicted of one count of possession of a firearm following a felony conviction in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). He was sentenced to 180 months of imprisonment under the Armed Career Criminal Act (ACCA). Petitioner later brought the present Motion [Doc. #22] in which he argues that his sentence is invalid because he no longer has the necessary predicate offenses to qualify as an Armed Career Criminal under § 924(e) in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011).

The Government initially filed a Response [Doc. #24] opposing Petitioner's claim. However, following an Order for further briefing, the Government filed a Supplemental Response [Doc. #29] conceding that, based on Simmons and the later case of United States v. Newbold, ___ F.3d ___, 2015 WL 3960906 (4th Cir. June 30, 2015), the predicates relied upon for the ACCA enhancement in this case would no longer qualify as ACCA predicate

offenses. Based on this determination, the Government concedes that Petitioner's sentence should be vacated and that this matter should be set for resentencing.[1] The parties thus agree that pursuant to the § 2255 Motion, Petitioner should be resentenced.

Under 18 U.S.C. § 924(e), an Armed Career Criminal 15-year mandatory minimum sentence applies if a person violates 18 U.S.C. § 922(g) as a felon in possession of a firearm and has three previous convictions for "a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e). A qualifying crime is a serious drug offense for purposes of 18 U.S.C. § 924(e) if it is one "involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance" and is a crime "for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A).

Here, the Government concedes that four of Petitioner's predicate convictions, all for the sale and delivery of cocaine and obtained in Richmond County, North Carolina, on February 8, 1994, are not proper ACCA predicates in light of <u>Simmons</u>, as interpreted in <u>Newbold</u>. The state court judgment reveals that Petitioner faced a presumptive term of three years and a theoretical maximum sentence of ten years for these convictions. (Response, Attach. A.) He received a consolidated sentence of ten years for these

---

[1] The Court construes this concession as a waiver of any waivable defenses that might otherwise apply, and the Court will proceed on the basis of that waiver. See <u>Day v. McDonough</u>, 547 U.S. 198, 202 (2006) (holding that it would be "an abuse of discretion to override a State's deliberate waiver of a limitations defense"); <u>Wood v. Milyard</u>, 132 S. Ct. 1826, 1830 (2012) ("A court is not at liberty, we have cautioned, to bypass, override, or excuse a State's deliberate waiver of a limitations defense."); see also <u>Yeatts v. Angelone</u>, 166 F.3d 255, 261 (4th Cir. 1999) ("[T]he issue of procedural default generally is an affirmative defense that the state must plead in order to press the defense thereafter.").

2

convictions. However, that sentence was entered pursuant to a plea bargain and the state court judge made no findings of any aggravating factors and, based on the records presently before the Court, did not specify the separate sentences for each offense. Therefore, the Government concedes that, under Newbold, 2015 WL 3960906, at *6-7, there is no indication that Petitioner actually faced a sentence of ten years for any of these individual convictions under North Carolina's Fair Sentencing Act, which was in effect at the time of Petitioner's convictions. Based on this concession, it appears that these convictions would no longer count as serious drug offenses under the ACCA. Because these offenses were relied upon at sentencing as ACCA predicate convictions, the Government agrees that resentencing is appropriate, and any further issues regarding any of Petitioner's other prior convictions can be addressed at the resentencing.

Therefore, based on this determination, and based on the concession by the Government that Petitioner is entitled to sentencing relief under § 2255, the Court will recommend that Petitioner's Motion to Vacate, Set Aside or Correct Sentence be granted and that this matter be set for resentencing.

IT IS THEREFORE RECOMMENDED that Petitioner's Motion under 28 U.S.C. § 2255 [Doc. #22] be GRANTED, that Petitioner's sentence be VACATED, and that this matter be set for resentencing in light of the Government's concession.

This, the 31st day of July, 2015.

    /s/ Joi Elizabeth Peake
United States Magistrate Judge

3

Case 1:11-cr-00191-CCE   Document 31   Filed 07/31/15   Page 3 of 3